# UNITED STATES DISTRICT COURT

for the
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )    Case No.  1:21-cr-00048-LY-8 |
| Reginald Thomas (8) | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention

X **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:     There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

     X **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

     ☐ **(2)** an offense under 18 U.S.C. §§ 924(c).

 **B.  Conclusions Regarding Applicability of Any Presumption Established Above**

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g), the Pretrial Services Report, and the arguments of counsel at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven that no condition or combination of conditions of release will reasonably assure (1) the defendant's appearance as required, by a preponderance of the evidence, and (2) the safety of the community, by clear and convincing evidence. In addition to any findings made on the record at the hearing, the Court finds that Mr. Thomas has a lengthy criminal history, including convictions for crimes of violence; a history of substance abuse; and allegedly has participated in criminal activity while on probation, parole, or release. Mr. Thomas's detention pending trial therefore is required.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     April 22, 2021

Susan Hightower
United States Magistrate Judge